UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREA F WILLIAMS, <br> PLAINTIFF, <br><br> v. <br><br> UNITED COMPUCRED <br> COLLECTIONS, INC, <br> DEFENDANT. | ) <br> ) <br> ) <br> ) <br> )   CIV-09-1153-L <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COMES NOW the Plaintiff, Andrea F Williams, and brings this action seeking damages for the Defendant's violations as follows:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 USC § 1331 and pursuant to 15 USC § 1692k(d), and pursuant to 28 USC § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 USC § 1692 et seq. (FDCPA).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. The Plaintiff is a natural person who resides in Oklahoma City, County of Oklahoma, State of Oklahoma, and is a "consumer" as that term is defined by 15 USC § 1692a(3).

5. The Defendant is a collection agency operating from an address of 4190 Harrison Avenue, Cincinnati, Ohio 45211-4546, and is a "debt collector" as that term is defined by 15 USC § 1692a(6).

## SUMMARY OF FACTS

6. The Plaintiff allegedly incurred a "debt" as that term is defined by 15 USC § 1692a(5), namely an outstanding check to Old Navy that was not her debt and that was primarily for personal, family, or household purposes, in the approximate amount of $433.

7. The debt collection abuse includes, but is not limited to, attempting to collect a debt that is not owed by the Plaintiff; harassing the Plaintiff; falsely representing the urgency of payment; and failing to disclose to the Plaintiff her thirty day validation rights under the FDCPA.

8. On or around March 24, 2009, the Plaintiff received a letter addressed to Andrea S Williams from the Defendant attempting to collect a debt purportedly owed to Old Navy. (See Plaintiff's Exhibit 1)

9. The Plaintiff disputes the validity of the alleged debt to Old Navy.

10. The alleged debt to Old Navy was for a bad check.

11. As of the time that the Defendant was dunning Plaintiff for the bad check allegedly written to Old Navy, Plaintiff had never written a check to Old Navy.

12. Furthermore, Plaintiff's middle initial is "F".

13. On or around March 24, 2009, Plaintiff called 1-888-605-9355. She left a message explaining that she had received a letter and the alleged debt

was not hers. The Plaintiff also asked that the Defendant stop contacting her.

14. On or around March 26, 2009, Plaintiff sent a certified letter to the Defendant. In this letter, the Plaintiff explained to the Defendant the debt was not hers. The Plaintiff also requested the Defendant cease communications with her regarding the alleged account. (See Plaintif's Exhibit 2)

15. In violation of 15 USC § 1692c(c), the Defendant sent two more letters trying to collect upon the alleged debt after receiving the Plaintiff's cease communications letter.

16. On or around May 21, 2009, the Plaintiff received a second letter from the Defendant. (See Plaintiff's Exhibit 3). The letter stated "This matter is very serious in nature and if not paid your account may be sent to a law firm for mediation and possible civil action." Defendant intended and Plaintiff interpreted these statements to suggest that the Defendant would civilly sue her for these unpaid debts. Therefore, these statement made in this letter by the Defendant were illegal threats of civil action against Plaintiff in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 USC §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f.

17. On or around September 17, 2009, the Plaintiff received a third letter from the Defendant trying to collect upon the alleged debt. (See Plaintiff's Exhibit 4).

18. None of the three letters from the Defendant contained the thirty day validation notice required by 15 USC § 1692g.
19. The Defendant never gave Plaintiff the thirty day validation notice required by 15 USC § 1692g with respect to the alleged debt to Old Navy.
20. Plaintiff has suffered actual damages as a result of all of these Defendants' illegal collection communications in the form of embarrassment, relationship stress, anger, anxiety, emotional distress, fear, humiliation, and frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invations of personal privacy at Plaintiffs' home.

## CAUSES OF ACTION

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
22. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 et seq.
23. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damaged pursuant to 15 USC § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 USC § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 USC § 1692k(a)(3) from each and every Defendant herein.

WHEREFORE, premises stated, Plaintiff prays that judgment will be entered against the Defendant for an award of actual damages, for statutory damages of $1,000, an award of attorney fees and costs and all other relief the Court deems just and proper.

TRIAL BY JURY IS DEMANDED

s/Carrie McNeer
M. Kathi Rawls, OBA No. 18814
Carrie McNeer, OBA No. 22235
2404 South Broadway
Moore, OK  73160
405-912-3225
Fax:  405-703-2769

## CERTIFICATE OF SERVICE

I, Carrie McNeer, certify that I have sent the Complaint on October 21, 2009 via certified mail return receipt requested to the following:

United Compucred Collections, Inc.
Registered Agent:  Betty Jean Foster
5706 Samver Road
Apt 2
Cincinnati, OH 45239

s/ Carrie McNeer
Carrie McNeer, OBA No. 22235
2404 South Broadway
Moore, OK  73160
405-912-3225
Fax:  405-703-2769